UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| NATHAN HOLT | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:04-cv-435 |
| | ) | 2:02-cr-032 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Nathan Holt ("Holt"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Holt's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Holt "must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Holt is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Holt pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based upon his five prior felony drug convictions, Holt was sentenced to a mandatory statutory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). On direct appeal, Holt challenged the district court's refusal to compel the government to make a motion for downward departure based upon substantial assistance. The Sixth Circuit concluded the district court lacked authority to grant Holt's request for a downward departure and affirmed Holt's judgment of conviction. *United States v. Holt*, 113 Fed.Appx. 78 (6th Cir. 2004).

In support of his § 2255 motion to vacate sentence, Holt alleges the following: (1) his guilty plea was unlawfully induced or not made voluntarily or with an understanding of the consequences of the plea; and (2) he was denied the effective assistance of counsel because his attorney allowed him to enter into a guilty plea wherein he waived and thus was denied his constitutional rights.

III.  Discussion

*A. Coerced and Involuntary Guilty Plea*

Holt alleges his guilty plea was not knowing and voluntary, and that the court failed to ensure that he was aware of the direct consequences of the plea. The Factual Basis submitted in support of Holt's guilty plea and signed by him provided as follows:

> Through the testimony of several witnesses, to include cooperating witnesses, co-conspirators, and law enforcement officers, the government would demonstrate, beyond a reasonable doubt, that during approximately the month of February, 2001, and continuing to on or about March 26, 2002, the defendant did knowingly, intentionally and without authority conspire with at least one other person to distribute and possess with the intent to distribute more than 50 ounces of a mixture or substance contained a detectible amount of cocaine base (crack), a Schedule II, narcotic controlled substance.
>
> Defendant Holt was previously convicted of five felony drug offenses in the Alamance County Superior Court in North Carolina. Specifically:
>
> (1) On June 22, 1993, in case number 1993CRS007033, defendant Holt was convicted of the felony offense of Felony Possession of Cocaine; (2) On December 20, 1993, in case number 1993CRS022835, defendant Holt was

convicted of the felony offense of Felony Possession of Cocaine; (3) On March 14, 1995, in case number 1995CRS001126, defendant Holt was convicted of the felony offense of PWISD Cocaine; (4) On April 16, 1997, in case number 1997CRS002632, defendant Holt was convicted of the felony offense of Sell or Deliver Cocaine; and (5) On October 10, 2000, in case number 2000CRS054086, defendant Holt was convicted of the felony offense of Felony Possession of Cocaine.

In furtherance of the conspiracy, on at least two occasions during the course of the conspiracy, defendant Holt and various co-conspirators traveled from the Eastern District of Tennessee to North Caroline to purchase crack cocaine. The conspirators traveled back to the Eastern District of Tennessee with an approximate total of 18 ounces of crack cocaine that was distributed to various co-conspirators and customers in the Johnson City, Tennessee area.

Five other co-conspirators have provided statements to law enforcement agents that, within the Eastern District of Tennessee, they participated with defendant Holt in the purchase of or distributed crack cocaine to defendant Holt a total of in excess of 50 ounces of crack cocaine. Defendant Holt would then take his share of the crack cocaine purchased and distribute gram quantities of crack cocaine.

Between June and September, 2001, a co-conspirator sold more than 30 ounces of crack cocaine to defendant Holt. Holt purchased three 8-balls of crack cocaine along with another co-conspirator on one occasion. A third co-conspirator admitted that Holt and others purchased 7 ounces of crack cocaine and transported it into the Eastern District of Tennessee.

The above facts are stipulated by the parties as being true and correct.

[Criminal Action No. 2:02-cr-32, Court File No. 212, Agreed Factual Basis, pp. 1-3].

In his signed plea agreement, Holt agreed that "[t]he court may impose any lawful term of imprisonment up to the statutory maximum" and that "[t]he maximum penalty to which the defendant will be exposed by virtue of his guilty plea is a mandatory term of life imprisonment without release, ...." [*Id.*, Court File No. 211, Plea Agreement, pp. 1-2, ¶¶ 1 & 2, respectively].

4

In addition, Holt agreed "to cooperate fully, truthfully, and completely with any and all law enforcement agents" and acknowledged that his "agreement to cooperate fully, truthfully, and completely is an integral part of this agreement." [*Id*. at 2-3, ¶¶ 3 & 4, respectively]. Holt further acknowledged the following:

> The defendant's sentencing will be governed by the Federal Sentencing Guidelines and any term of imprisonment imposed under the Guidelines is nonparolable. The district court will determine the appropriate sentence under the Sentencing Guidelines, and this determination will be based upon the entire scope of the defendant's criminal conduct, criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines.

[*Id*. at 4, ¶ 7].

Although Holt was subject to a statutory minimum mandatory term of life imprisonment, the parties clearly contemplated the possibility of a motion for downward departure based upon substantial assistance:

> At the time of sentencing, the United States will bring to the court's attention the nature, extent, and value of the defendant's cooperation. This information will be provided to the court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the sole discretion of the United States, the defendant provides substantial assistance, the United States will make a motion for downward departure pursuant to 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or both, with the district court allowing the district court to impose a sentence which may fall below the minimum mandatory term of imprisonment or below the sentencing guidelines.

[*Id*. at 4-5, ¶ 8].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the

defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In accepting Holt's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. The court first determined that Holt understood the indictment and the charge against him. [Criminal Action No. 2:02-cr-32, Court File No. 347, Transcript of Proceedings, pp. 3-5]. The court next advised Holt of the rights he was giving up by pleading guilty. [*Id*. at 5-6]. The court then specifically asked Holt the following: "Now, has any person, including an officer or agent of the government, put any pressure on you mentally or physically that's forced you to plead guilty here this morning?" [*Id*. at 6]. Holt answered: "No, Sir." [*Id*.]. Finally, Holt acknowledged that he was pleading guilty because he was in fact guilty. [*Id*. at 8].

It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry."' *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

In light of the factual basis, the plea agreement, and the colloquy at the change of plea hearing, it is clear that Holt's guilty plea was knowing and voluntary, was not coerced, and that Holt was plainly aware of the consequences of pleading guilty. Holt now argues, however, that the plea agreement was misleading when it stated that his sentence would be

determined by the sentencing guidelines when, in fact, Holt was subject to a mandatory statutory life sentence. Holt's argument, however, overlooks the fact that the plea agreement contemplated the possibility that the government would move for a downward departure based upon Holt's substantial assistance, in which case the mandatory life sentence would not be binding and the court would look to the guidelines for assistance in determining a fair sentence. The fact that the government decided to not move for a downward departure does not render the guilty plea involuntary, and Holt's allegations in this regard lack merit.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Holt must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*.

7

at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In order to claim that his guilty plea was involuntary because of ineffective assistance of counsel, petitioner must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Holt bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Holt claims his attorney failed to advise him that he was facing a mandatory life sentence without possibility of parole, but rather led him to believe that his sentence would be determined by the sentencing guidelines. Holt's allegations are contradicted by the record.

As noted, in his plea agreement Holt acknowledged he was subject to a mandatory term of life imprisonment without release. In addition, he was advised by the government during the guilty plea hearing that he was subject to "a mandatory term of life imprisonment without parole." [Court File No. 2:02-cv-32, Court File No. 347, Transcript of Proceedings, p.8]. Accordingly, Holt has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

IV. Conclusion

Holt is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Holt leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Holt having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge