UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-32 |
| | ) | NO. 2:12-CV-00348 |
| NATHAN HOLT | ) | |

**MEMORANDUM OPINION**

Defendant Nathan Holt ("Holt") has filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 507] and a *Pro Se* motion to reduce sentence based on 18 U.S.C. § 3582(c) [Doc. 472]. The United States has responded to both motions, objecting to Holt's requested relief [Doc. 515 and 516]. The matter is now ripe for the Court's resolution.

**I.     BACKGROUND**

Holt was indicted for three counts of conspiracy to distribute crack cocaine [Doc. 1, *Indictment*]. The government filed a notice that it was seeking to enhance Holt's sentence based upon his five prior felony drug convictions [Doc. 175, *Amended Information*]. On the day before his scheduled trial was to be begin, Holt entered into a plea agreement [Doc. 211] and an Agreed Factual Basis [Doc. 212] in which he agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) [Doc. 332 at p. 1]. A Presentence Report was prepared and Holt filed no objections. [Doc. 223].

It appears that he entered into a plea agreement in hopes of obtaining a motion by the government for providing substantial assistance. Prior to sentencing, the government determined that Holt had not provided substantial assistance and declined to file a motion to reduce his sentence. Upon their refusal to file the motion, Holt asked the Court to compel the government

to file such a motion [Doc. 240]. The Court denied Holt's motion, and on October 14, 2003, the Court entered a judgment sentencing Holt to life imprisonment [Doc. 242, *Judgment*]. Holt filed a notice of appeal on October 20, 2003 [Doc. 245].

On appeal, Holt argued that the district court should have granted his motion to compel the government to file a motion for downward departure under U.S.S.G. § 5K1.1. On October 15, 2004, the Sixth Circuit denied Holt's appeal, finding that the district court did not have the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion and affirmed the sentence [Doc. 332, *United States v. Holt*, No. 03-6394, at p. 2 (6th Cir. September 21, 2004)].

On December 16, 2004, Holt filed a Motion to Vacate under 28 U.S.C. § 2255 [Doc. 369]. The Court denied Holt's motion [Doc. 387, *Judgment*]. Holt then requested a certificate of appealability pursuant to Fed. R. App. P. 22(b), arguing that his plea was not voluntary and he received ineffective assistance of counsel. The Sixth Circuit found that the plea agreement was not ambiguous, that the plea was "voluntary and intelligent," and that Holt received effective assistance of counsel [Doc. 422, *Holt v. United States,* No. 08-5920 at p. 2-3 (6th Cir. Jan. 6, 2009)]. The Court denied Holt's application for a certificate of appealability. *Id.* Holt then requested leave of the Sixth Circuit for an order authorizing the district court to consider a second motion for relief under § 2255 to challenge the government's refusal to file a motion for downward departure under U.S.S.G. § 5K1.1. On March 9, 2009, the Sixth Circuit denied Holt's request [Doc. 424, *In Re: Nathan Holt*, No. 08-5760, at p. 2].

On June 9, 2008, Holt filed another motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 391]. The district denied his motion, finding that Holt was not entitled to relief because the crack cocaine guideline amendment did not lower Holt's applicable guideline range,

which was mandatory life [Doc. 434, *Order*]. Holt appealed [Doc. 445]. The Sixth Circuit affirmed [Doc. 446, *United States v. Holt*, No. 10-5974 (6th Cir. June 28, 2011). It found that the cocaine base amendments did not lower Holt's applicable guideline range as his sentence was based on the statutory term of life imprisonment. *Id.* at 3. Because Holt had two or more prior controlled substance convictions, he was subject to an enhanced sentence, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A), and faced a restricted guideline range of a mandatory minimum term of life imprisonment. *Id*.

**II.     HOLT'S MOTION TO REDUCE [DOC. 472]**

On March 12, 2012, Holt filed another *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 472]. He recites the same arguments he made before, that is, that he was sentenced to a "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…." *Id.* at 2. He argues that he "took responsibility for his actions and should not be held to a life sentence." *Id* at 3. He also cites his post sentence rehabilitation. *Id.* at 4.

The government responds to Holt's motion to reduce pursuant to 18 U.S.C. § 3582(c) by arguing what the Sixth Circuit had found before when it addressed this issue. Holt's Guideline range was restricted by a mandatory minimum term of life imprisonment and Amendment 750 did nothing to lower that. Because Amendment 750 did not lower his guideline range, he is not entitled to relief under § 3582(c). The Court agrees.

A district court may modify a defendant's sentence only as provided by statute. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009) citing *United States v. Ross,* 245 F.3d 577, 586 (6th Cir.2001) ("The authority of a district court to resentence a defendant is limited by

statute" and is "expressly prohibit[ed] ... beyond those exceptions expressly enacted by Congress.").

Congress has given district courts the discretion to reduce a sentence based upon a change in the Guidelines affecting a defendant's sentencing range under the following circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). That provision requires the term of imprisonment to have been subsequently lowered by the Sentencing Commission. The Sentencing Commission amended its guidelines but provided that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … [a]n amendment … does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(revised Nov. 1, 2011).

The PSR found Holt responsible for 2.4 kilograms of crack cocaine, yielding a base offense level of 38, and classified Holt as a career offender in accordance with U.S.S.G. § 4B1.1 (Presentence Report at ¶ ¶ 21-22, 28, 38, 43). With acceptance of responsibility reduction, his total offense level was 35, with a guideline range of 292 – 365. *Id.* at ¶ 55-56, 82. But because Holt was subject to a statutory mandatory minimum term of life imprisonment, his restricted Guideline Range was life imprisonment. *Id.* at ¶ 81-82.

Amendment 750 does nothing to Holt's restricted Guideline range of life imprisonment. If Holt were not subject to the statutory mandatory minimum term of imprisonment of life, Amendment 750 would impact his Guideline range.[1] But for purposes of this analysis, it does not and is, as a consequence, not relevant. Holt's mandatory life term of imprisonment is his restricted Guideline range. U.S.S.G. § 5G1.1(b)("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009)(where a statutory mandatory minimum sentence exceeds the Guidelines range, that mandatory minimum becomes the Guidelines sentence). The Court is without authority pursuant to 18 U.S.C. § 3582(c) to lower Holt's sentence.

Holt also requests this Court to consider both the fact that he took responsibility for his conduct and his post sentence rehabilitation efforts as a basis to reduce his sentence. If Holt had been eligible for a sentence reduction under § 3582(c), the Court could consider such acceptance of responsibility and post-sentence conduct, but such does not serve as an independent basis for a sentence reduction in the first instance. U.S.S.G. § 1B1.10, comment n.1(B)(iii).

Accordingly, Holt's motion to reduce sentence [Doc. 472] is DENIED.

### III. HOLT'S § 2255 MOTION TO VACATE [DOC. 507]

On August 16, 2012, Holt filed another motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 507]. In this motion, he claims that he is entitled to relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. Aug. 17, 2011)(en banc). Holt's counsel noted, however, that she did not believe that she could "in good faith seek a reduction on behalf of Mr. Holt under either the Fair

---

[1] A quantity of 2.4 kilograms under Amendment 750 would now yield a base offense level of 34. Holt, however, would still be classified as a career offender, with a base offense level of 37. With the acceptance of responsibility reduction, his total offense level would be 34, with a corresponding guideline range of imprisonment of 262 – 327 months' imprisonment.

Sentencing Act or *Simmons*" [Doc. 507 at p. 1]. The Court has since permitted counsel to withdraw from further representation of Holt [Doc. 517, *Order*]. The government asserts that Holt's motion is untimely, unreviewable and meritless.

This is Holt's second § 2255 motion.[2] 28 U.S.C. § 2255(h) requires parties, who desire to file a second or successive § 2255 motion, to first seek certification from the Sixth Circuit prior to filing the motion. Specifically, § 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…" Holt has failed to obtain the Sixth Circuit's certification for his motion to proceed. Holt is aware of this requirement as he has sought certification in the past. *See* [Doc. 424, *In Re: Nathan Holt*, No. 08-5760, at p. 2] in which Sixth Circuit denied Holt's request for certification pursuant to § 2255(h).

The government requests this Court to transfer this matter to the Sixth Circuit for its consideration in accordance with 28 U.S.C.A. § 1631. This Court agrees. Accordingly, the Court shall transfer this action for consideration by the Sixth Circuit as provided for in 28 U.S.C.A. § 1631.

The Court notes that Holt's § 2255 motion otherwise appears to be both untimely and without merit. His claim under *Simmons* is, in fact, an argument under *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). In *Carachuri–Rosendo,* the Court held that courts must look at the defendant's actual conviction, rather than the offense for which the defendant could have been convicted, for purposes of determining whether the offense is an aggravated felony under the Immigration and Nationality Act. However, the Supreme Court decided *Carachuri–Rosendo* in 2010, and the present motion was not filed until 2012, well beyond the one-year time limit. 28

---

[2] The first of Holt's § 2255 motions was filed on December 16, 2004 [Doc. 369]. It was denied by the district court [Doc. 387] and affirmed on appeal [Doc. 422].

U.S.C. § 2255(f)(3)("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of … the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *Dodd v. United States*, 545 U.S. 353, 357 (2005). His motion is untimely.

In any event, *Carachuri-Rosendo* would have no impact on Holt's statutory mandatory life sentence. As noted, Holt had five prior felony controlled substance convictions. The government timely filed notice to seek an enhanced punishment under 21 U.S.C. § 851, subjecting Holt to a mandatory term of life imprisonment. He makes no attempt to argue that his numerous prior felony drug convictions do not qualify as "prior felony offenses" under 21 U.S.C. § 802(44).[3] A review of Holt's extensive criminal history indicates he would not be entitled to relief in any event. Holt was convicted of the following felony drug offenses:

1. On June 22, 1993, in the Superior Court of Alamance County, North Carolina, Case Number 1993CRS007033, Holt was convicted of Felony Possession of Cocaine.

2. On December 20, 1993, in the Superior Court of Alamance County, North Carolina, Case Number 1993CRS022835, Holt was convicted of Felony Possession of Cocaine.

3. On March 14, 1995, in the Superior Court of Alamance County, North Carolina, Case Number 1995CRS001126, Holt was convicted of the felony offense of PWISD Cocaine.

4. On April 16, 1997, in the Superior Court of Alamance County, North Carolina, Case Number 1997CRS002632, Holt was convicted of felony offense of Sell or Deliver Cocaine.

---

[3] 21 U.S.C. § 802(44) provides that "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

      5.      On October 10, 2000, in the Superior Court of Alamance County, North Carolina, Case Number 2000CRS054076, Holt was convicted of Felony Possession of Cocaine.

Accordingly, it appears to the Court that Holt is not entitled to relief on the grounds alleged in his latest § 2255.

## IV.   CONCLUSION

The Court DENIES Holt's motion to reduce sentence [Doc. 472] and TRANSFERS his § 2255 motion to the Sixth Circuit for its consideration pursuant to 28 U.S.C. § 1631. The Court otherwise finds Holt's § 2255 motion to be untimely and without merit.

A separate judgment shall enter.

SO ORDERED.

                                          s/Leon Jordan
                                          UNITED STATES DISTRICT JUDGE